IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-10058-T |
| | ) | |
| LAVERNE HARDIN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO MODIFY SENTENCE

On May 8, 2006, defendant Laverne Hardin, Bureau of Prisons ("BOP") inmate registration number 20451-076, an inmate at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed a *pro se* Motion to Modify Sentence in this closed criminal case.

On July 29, 2005, defendant entered a plea of guilty to a one-count information charging her with knowingly and willfully giving a materially false document to the Federal Emergency Managment Agency, in violation of 18 U.S.C. § 1001(a)(3). The Court subsequentlysentenced Hardin to six months imprisonment, to be followed by a two-year period of supervised release. Hardin was also ordered to pay restitution in the amount of $17,590.80, and a special assessment of $100.00. Judgment was entered on the docket on November 8, 2005. In accordance with the terms of a written plea agreement, defendant waived her right to an appeal.

In an affidavit submitted with her present motion, Hardin states that she surrendered to prison on January 3, 2006, and is scheduled to be released to a halfway house in Memphis, Tennessee on June 13, 2006. She states that her projected final release date from the halfway house is June 30, 2006. Hardin requests that the Court modify her sentence to allow her to be released from FCI-Greenville on May 31, 2006 and to serve the remaining thirty days of her sentence under house arrest at her residence in Jackson, Tennessee, with electronic monitoring.

Once a criminal judgment becomes final, the limits on the Court's power to modify a sentence are strict.[1]  Eighteen U.S.C. § 3582(c) states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction;
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> (B) the court may modify an imposed term of imprisonment to

---

[1] Federal Rule of Criminal Procedure 35(a) allows for correction of "arithmetical, technical, or other clear error," but only within seven days after sentencing. Rule 36 allows for correction of purely clerical errors "arising from oversight or omission."

>    the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>    (2)   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of these provisions are applicable in this case.

Pursuant to Federal Rule of Criminal Procedure 35(a), the Court may reduce a sentence under certain circumstances, but only upon motion of the government. That rule is also not applicable here.

As the Court has no power to modify the defendant's sentence in the manner requested, the Motion to Modify Sentence (dkt. #17) is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE